*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MICHAEL ANDREW KITCHEN,

        Defendant-Appellant.

UNPUBLISHED
April 11, 2024

No. 365645
Oakland Circuit Court
LC No. 87-078807-FC

Before: CAVANAGH, P.J., and K. F. KELLY and RICK, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order denying his motion to correct invalid sentence. We affirm.

This case arises from an incident in 1987 where defendant, who was 17 years old at the time, broke into a home, stole items from the home, and threatened the couple who owned the home with several guns. Defendant then sexually assaulted the female victim and later fled the home after stealing the couple's vehicle. Defendant pleaded guilty to two counts of armed robbery, MCL 750.529, two counts of possession of a firearm in commission of a felony (felony-firearm), MCL 750.227b, one count of breaking and entering an occupied dwelling with intent to commit armed robbery, MCL 750.110, and one count of unlawfully driving away a motor vehicle, MCL 750.413. After a jury trial, defendant was also found guilty of first-degree criminal sexual conduct (CSC-I), MCL 750.520b, and another count of felony-firearm, MCL 750.227b.

A sentencing hearing was held in July 1987. Defendant's trial counsel stated that if defendant "could somehow undo what he has done on this particular night that he would not hesitate to do that." Defense counsel also argued, "We have a situation where a young 17-year-old man with no prior criminal [] contact for a period of 24 hours engaged in what can only be described as extremely wayward conduct[,] and he is going to have to pay for that." Defendant's

---

[1] See *People v Kitchen*, unpublished order of the Court of Appeals, entered September 21, 2023 (Docket No. 365645).

counsel then urged the court to focus on defendant's rehabilitation and argued that "there is nothing to indicate that [defendant] cannot, in fact, be redeemed, and that he has, in fact, some social value." Defendant then expressed remorse and apologized to "everybody [he] caused trouble to."

As relevant to this appeal, the trial court then sentenced defendant to 40 to 60 years' imprisonment for his CSC-I conviction. The court noted this was an "intentional crime" and that it was "one of the most heinous crimes that it has presided over." Specifically, the court reasoned:

> Threats were made against the victim that if she were to make certain movements again that [defendant] would kill her, put the gun to her head and this court says this society cannot tolerate such action and this court feels that this is the only appropriate sentence, unless it was to be a little longer, but this court would feel justified in giving to the Defendant. Other things that the court took into consideration was the disciplining and punishment of the Defendant. The protection of society and the deterring of others from committing like offenses.

Defendant directly appealed his convictions and sentences, which this Court affirmed in November 1988. See *People v Kitchen*, unpublished per curiam opinion of the Court of Appeals, issued November 16, 1988 (Docket No. 104485). Defendant then filed a motion for relief from judgment in 1996 and argued that his sentence lacked proportionality under *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). The trial court denied the motion, and this Court denied leave to appeal. See *People v Kitchen*, unpublished order of the Court of Appeals, entered March 17, 1999 (Docket No. 212333).

In April 2022, defendant, *in propria persona*, filed a motion to correct his allegedly invalid CSC-I sentence under MCR 6.502(G). Defendant argued, as relevant, that his CSC-I sentence was invalid because the trial court had failed to properly consider the mitigating factors of his youth or juvenile status when imposing the sentence. Thus, defendant was entitled to resentencing. The prosecution responded to defendant's motion and argued that the original sentencing judge was aware of defendant's youth, which was considered during sentencing. Thus, even though the trial court did not explicitly make a finding regarding defendant's youth as a mitigating factor, the record shows the court clearly considered that factor in its sentencing determination.

In its written opinion and order, the trial court concluded that defendant failed to establish his sentence was invalid.[2] The court stated that, while the original sentencing court was required

---

[2] We note that a defendant may file only one motion for relief from judgment unless the successive motion for relief from judgment is based on "a retroactive change in law that occurred after the first motion for relief from judgment was filed," MCR 6.502(G)(2)(a), or "a claim of new evidence that was not discovered before the first such motion was filed," MCR 6.502(G)(2)(b). Here, the trial court determined that defendant satisfied this procedural threshold by showing a retroactive change in law. Based on recent decisions in *People v Stovall*, 510 Mich 301, 322; 987 NW2d 85 (2022), *People v Parks*, 510 Mich 225, 232; 987 NW2d 161 (2022), and *People v Boykin*, 510 Mich 171, 189; 987 NW2d 58 (2022), a trial court must consider a defendant's youth during sentencing. Thus, the trial court concluded that the recent "trend can fairly be understood to be an

to consider defendant's youth as a mitigating factor, the court was not required to specifically articulate its finding. The court noted that defendant's trial counsel made an argument concerning defendant's youth during sentencing, and thus, "[the original sentencing judge] was undoubtedly aware of the Defendant's age in light of the fact that he presided over the case, tried the case, and heard the Defense counsel's allocution at sentencing." Because the original trial judge "articulated his basis for the Defendant's sentence on the record in a compelling fashion, implicitly rejecting youth as a mitigating factor in light of the egregious[ness] of the crime," the court concluded defendant's sentence was not invalid and subsequently denied defendant's motion.

On appeal, defendant argues that his 40-to-60-year sentence for his CSC-I conviction is invalid because the trial court failed to consider the mitigating factor of his youth when sentencing him. We disagree.

We "review a trial court's decision on a motion for relief from judgment for an abuse of discretion and its findings of fact supporting its decision for clear error." *People v Swain*, 288 Mich App 609, 628; 794 NW2d 92 (2010). Sentencing decisions are also reviewed for an abuse of discretion. *People v Boykin*, 510 Mich 171, 182; 987 NW2d 58 (2022). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes or makes an error of law." *Swain*, 288 Mich App at 628-629 (citation omitted).

Defendant relies on recent Michigan caselaw holding that trial courts must consider a defendant's youth as a mitigating factor during sentencing. See, e.g., *People v Stovall*, 510 Mich 301, 322; 987 NW2d 85 (2022) (concluding that "a parolable life sentence for a defendant who commits second-degree murder while a juvenile violates Article 1, § 16 of the Michigan Constitution"); *People v Parks*, 510 Mich 225, 232; 987 NW2d 161 (2022) (concluding that a mandatory life-without-parole sentence for an 18-year-old offender violates Michigan Constitution's ban on cruel or unusual punishment "because it fails to take into account the mitigating characteristics of youth, specifically late-adolescent brain development"); *Boykin*, 510 Mich at 189 ("[I]n all sentencing hearings conducted under MCL 769.25 or MCL 769.25a, trial courts are to consider the defendant's youth and must treat it as a mitigating factor."). "Youth matters in sentencing decisions involving juvenile offenders, and the trial court is responsible for tailoring a sentence to an individual defendant and for giving reasons for imposing each sentence in order to facilitate appellate review." *Boykin*, 510 Mich at 192. However, "[a]n on-the-record sentencing explanation is not necessary to ensure that a sentencer considers a defendant's youth." *Id*. at 193 (quotation marks and citation omitted).

In *Boykin*, a 17-year-old defendant was convicted of first-degree murder and was sentenced to mandatory life imprisonment without the possibility of parole. *Id*. at 179. The defendant appealed his sentence, arguing that the trial court failed to consider his youth as a mitigating factor, and thus, his sentence was invalid. *Id*. at 179-180. The Court concluded that, while the trial court must consider youth as a mitigating factor during sentencing, the court is not required to make "specific, on-the-record findings" regarding the consideration of youth as a mitigating factor. *Id*.

---

applicable change in the law that meets the procedural threshold outlined in MCR 6.502(G), and [] Defendant's Motion is entitled to consideration."

at 192. Further, "if the sentencer has discretion to consider the defendant's youth, the sentencer necessarily *will* consider the defendant's youth, especially if defense counsel advances an argument based on the defendant's youth." *Id*. (quotation marks and citation omitted). The Court also noted, "Faced with a convicted murderer who was under 18 at the time of the offense and with defense arguments focused on the defendant's youth, it would be all but impossible for a sentencer to avoid considering that mitigating factor." *Id*. at 193 (quotation marks and citation omitted).

Here, the record shows that the original sentencing judge considered defendant's youth as a mitigating factor during sentencing. At the sentencing hearing, defendant's counsel explicitly argued that defendant was only 17 years old. Defense counsel argued that defendant's young age, lack of prior record, and good upbringing were mitigating factors, and thus, the court should focus on defendant's rehabilitation instead of his punishment. Like in *Boykin*, defense counsel explicitly advanced an argument based on defendant's youth at sentencing, therefore, the court was aware of defendant's age and juvenile status when making its determination. See *id*. at 192-193. Further, because an "on-the-record sentencing explanation is not necessary to ensure that a sentencer considers a defendant's youth," we conclude that the trial court did not err by failing to make an explicit finding regarding defendant's youth as a mitigating factor. See *id*. at 193. The record establishes that defendant's youth was argued at the sentencing hearing, and thus, the court necessarily considered defendant's youth in making its determination. See *id*. at 192. Additionally, the court properly tailored its sentence to defendant and gave specific reasons for imposing the sentence, including the disciplining of defendant, the protection of society, and deterrence. See *id*. Therefore, the trial court did not abuse its discretion when it denied defendant's motion to correct his allegedly invalid sentence.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly
/s/ Michelle M. Rick